## In re MANNING.

(District Court, D. South Carolina. May 12, 1903.)

1. BANKRUPTCY—HOMESTEAD EXEMPTION—RIGHT TO KEEP LAND IN SPECIE.

    It is the intent of the homestead laws that a homestead in real estate in kind shall be set aside wherever practicable, and a bankrupt is entitled to retain the land assigned as his homestead, although valued in excess of the limit of exemption, on payment of the excess.

In Bankruptcy. On review of order of referee.

H. H. Newton and Mitchell & Smith, for creditors.

T. I. Rogers, for bankrupt.

BRAWLEY, District Judge. The above-named bankrupt having claimed a homestead in real estate, the trustee, John Calhoun, on April 12, 1902, filed with the referee, under form No. 47, the report of exempted property, as follows: "The following is a schedule of property designated and set apart to be retained by the bankrupt aforesaid as his own property, under the provisions of the act of Congress relating to bankruptcy." Then followed a description of the land as follows: "Sixty-one acres of land bounded by lands of C. M. Weatherly, David Parish, E. J. Sawyer, and others, known as the 'Parham Place,' in Marlborough county, S. C., valued at $1,419.00, the bankrupt to pay the surplus $419 in ten days, or same will be sold, and $1,000.00 paid him instead."

It was claimed by counsel for bankrupt that they had no notice of the time of the filing of the above report, and it does not appear on any papers on file that any notice was served upon the bankrupt,

but it appears from statement of counsel that as soon as they were advised they filed with the referee exceptions thereto. These exceptions, filed May 20, 1902, with the referee, are that the valuation of $1,419 was excessive, that the appraisers appointed to value the property had placed on it a valuation of $1,000, and that the cash market value of the land was not more than $1,000. Thereupon Calhoun, as trustee, negotiated a sale of the land on May 29th to R. T. Drauhon for $1,419, receiving that sum in payment thereof, subject to the ratification of that transaction by the court. Upon the report of the trustee of his actings and doings in the premises the referee entered the following order:

"The court is of the opinion that the trustee herein has placed a fair valuation on the property set off to John Manning, bankrupt, as homestead exemption, and it would be impracticable to divide said land. The bankrupt should have been allowed for determination such time as the law provides under rule 18, Gen. Orders, 32 C. C. A. xx, 91 Fed. xx, the trustee is required to apply to the court for authority to make private sale. The sale as above set forth was made in violation of section 58a (4) of the bankruptcy act, Act July 1, 1898, 30 Stat. 561, c. 541 [U. S. Comp. St. 1901, p. 3444]; therefore illegal, and order set aside. The bankrupt allowed until July 22, 1902, to accept the trustee's report."

On July 18, 1902, the attorneys for Manning, bankrupt, filed with the referee their withdrawal of the exceptions filed by him to the allotment of homestead, and signified his acceptance of said allotment of homestead, and asks for its confirmation. On July 21st attorneys for creditors filed their petition for review of the order of the referee. Upon a hearing of the petition for review and argument of counsel thereon, it appears to the court that the true intent of the homestead law is that a homestead in real estate in kind should be set aside whenever it is practicable; and while it commends the fidelity to his trust exhibited by the trustee in refusing to assign a homestead as of the value of $1,000 when the real value of the land claimed as such was much greater than the estimate of the appraiser, and commends his zeal in finding a purchaser for such land at its real value, yet it is of the opinion that the bankrupt was entitled to take the land assigned as homestead upon the payment of the sum of $419, the amount in excess of the value to be allowed as homestead, and affirms the report of the referee in making such allowance.

It is therefore ordered and adjudged that upon the payment by John Manning to the trustee of the sum of $419 the land above described as the "Parham Place" be assigned to John Manning as homestead.